[Crim. No. 18941. In Bank. Oct. 20, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
CLIFFORD JETTER, Defendant and Appellant.

**COUNSEL**

J. Fred Wright, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Marjory Winston Parker and Eddie T. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.—** ■ Defendant appeals from an order made pursuant to Welfare and Institutions Code section 6326, finding him to be a mentally disordered sex offender who is a danger to others but will not benefit from further hospital care and treatment, and committing him to the Department of Health for indefinite confinement in an institutional unit located on the grounds of a facility of the Department of Corrections.

Appellant contends, and respondent concedes, that the order appealed from must be reversed. In *People* v. *Burnick* (1975) 14 Cal.3d 306, 332 [121 Cal.Rptr. 488, 535 P.2d 352], we held that application of the "beyond a reasonable doubt" standard is constitutionally compelled in mentally disordered sex offender proceedings. The record in this case does not reflect application of that standard, and we may not assume that

it was applied. (Cf. *In re Paul T.* (1971) 15 Cal.App.3d 886, 896 [93 Cal.Rptr. 510].) Further, in *People* v. *Feagley* (1975) 14 Cal.3d 338, 376 [121 Cal.Rptr. 509, 535 P.2d 373], we held that the involuntary, indefinite confinement of a civilly committed mentally disordered sex offender in a prison setting violates both the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution and the corresponding provision of article I, section 17, of the California Constitution. Therefore if, after a new hearing, appellant is again found to be a mentally disordered sex offender, the court must consider the other dispositions available to it.

The order appealed from is reversed.